Llompart et al., Demandantes y Apelados, *v.* Díaz, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de crédito hipotecario.

No. 2005.—Resuelto en marzo 5, 1920.

Cobro de Crédito Hipotecario—Nulidad de Declaratoria de Herederos.—Habiendo sido declarada Da. Catalina Prats vda. de Llompart única heredera de su hijo don Jaime Llompart Prats, inscribióse a título hereditario en el registro a favor de aquélla cierto crédito hipotecario que había sido constituído por Da. Juana Borrás a favor de Llompart Prats. Varios hijos de

éste que posteriormente fueron judicialmente declarados sus hijos ilegítimos reconocidos demandaron a la actual dueña de la finca hipotecada el pago del crédito constituído originalmente a favor de Llompart Prats. Apelada la sentencia que ordenó el pago *se resolvió:* que no habiéndose obtenido previamente la nulidad de la declaración de heredera a favor de Da. Catalina Prats ni de la inscripción a su nombre en el registro del crédito hipotecario, el cobro de éste no puede ser gestionado con éxito por personas distintas de Da. Catalina Prats.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. R. Arce* y *M. Tous Soto.*

Abogados de la apelante: *Sres. F. González* y *A. Mena.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 1902, doña Juana Borrás reconoció deber a don Jaime Llompart Prats cierta cantidad de dinero y en garantía de la deuda constituyó hipoteca sobre una casa de su propiedad radicada en Caguas, cuyo gravamen fué inscrito en el registro de la propiedad a favor del acreedor. Muerto el acreedor en diciembre de 1905, su madre doña Catalina Prats viuda de Llompart fué declarada heredera suya por resolución judicial de 7 de marzo de 1906 que fué inscrita en el registro de la propiedad en cuanto al crédito hipotecario referido y continúa inscrita a su nombre según aparece de los autos que tenemos a la vista.

Los hermanos Antero, Natalio, Andrea y Concepción Llompart y Pereira demandaron a doña Catalina Prats viuda de Llompart en pleito sobre reconocimiento de filiación en el que recayó sentencia el 4 de marzo de 1909, que es firme, declarando que los hechos y la ley estaban a favor de los demandantes, hijos ilegítimos reconocidos del finado Jaime Llompart Prats con todos los derechos inherentes a esa filiación.

Posteriormente, en 9 de noviembre de 1917, dichos cuatro hermanos demandaron en juicio ordinario a doña Isolina Díaz Rodríguez, actual dueña de la finca hipotecada, para que les pagase las cantidades garantizadas con la hipoteca men-

cionada, alegando no haber sido pagadas y haber muerto el acreedor sin descendencia legítima ni legitimada, en estado de soltería, abintestato y sin otra descendencia ilegítima, natural reconocida que los demandantes, habidos con Rosalía Pereira; pleito que terminó por sentencia que condenó a la demandada a satisfacer las cantidades reclamadas y contra la cual interpuso ésta el presente recurso de apelación.

Sin entrar a considerar todas las cuestiones propuestas por la parte apelante, nos bastará decir que de los autos surge la cuestión de si habiendo sido declarada heredera de Llompart su madre legítima por resolución judicial de 7 de marzo de 1906, anterior al pleito de filiación, puede estimarse inexistente aquella declaratoria cuya inscripción en el registro de la propiedad no ha sido cancelada, hasta el punto de que los hijos de Llompart puedan exigir el cobro de una hipoteca de su difunto padre, inscrita ahora a favor de doña Catalina Prats viuda de Llompart, sin que sea necesario obtener la nulidad de aquella declaratoria y de su inscripción con audiencia de la heredera declarada tal.

Dicha heredera no ha sido parte en este pleito, la inscripción a su favor de la hipoteca no ha sido cancelada en el registro de la propiedad y mientras esa inscripción no sea cancelada con audiencia de la madre no puede prosperar su cobro por personas distintas de ella, cuales son los demandantes. Si la demandada pagase a los demandantes las cantidades que le reclaman y que están garantizadas con la hipoteca, ésta no sería cancelada por el registrador en sus libros por no haber sido satisfecha a doña Catalina Prats que, según el registro es la acreedora hipotecaria.

Nuestra resolución en el caso de *Méndez* v. *Martínez*, 25 D. P. R. 96, no es de aplicación al presente caso, porque en aquel no estaba envuelta la nulidad de la declaratoria de herederos de Víctor Martínez, sino que subsistía su carácter de heredero en unión de los menores hijos de Cecilia Méndez.

Por las razones expuestas procede la revocación de la sentencia apelada.

> *Revocada la sentencia apelada y declarada*
> *sin lugar la demanda, sin especial condena*
> *de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.